UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD L. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07CV192(SNL) |
| | ) |
| TWENTY-SECOND JUDICIAL CIRCUIT | ) |
| and | ) |
| EFTHIM REALTY CO., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Ronald Jones for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the applications, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages and other relief against Efthim Realty Co. (Efthim Realty) and the Twenty-Second Judicial Circuit for the State of Missouri. Liberally construing the complaint, it appears that plaintiff was involved in a lawsuit against Efthim Realty. In that lawsuit, plaintiff alleged that Efthim Realty rented him an "uninhabitable" unit and failed to correct the problems. It appears that the Twenty-Second Judicial Circuit ruled against plaintiff in that lawsuit. Plaintiff contends that the state court "covered up" wrongdoing by Efthim Realty because to

rule in his favor "would have left the City of St. Louis open to litigation due to the fact that this realtor was given an occupancy permit for this dwelling even though it was uninhabitable."

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]  Because the instant action comes after plaintiff has already been denied relief in state court, the instant action is barred by the Rooker-Feldman doctrine.  See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S. Ct. 1517, 1526 (2005) (Rooker-Feldman does not authorize appellate review of state court decision by federal district court).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Docs. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED** as moot.

---

[1] This is the second complaint filed by plaintiff against Efthim Realty that this Court has dismissed under § 1915(e)(2)(B).  See Jones v. Efthim Realty, No. 4:06CV1036(SNL) (E.D. Mo.).

An appropriate order shall accompany this order and memorandum.

Dated this 13th day of March, 2007.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**